IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN JEROME SUPPLES, | : | CIVIL ACTION NO. **1:CV-07-1560** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| GLORIA BURDA, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On August 24, 2007, Plaintiff, Allen Jerome Supples, an inmate at the State Correctional Facility at Mahanoy ("SCI-Mahanoy"), Frackville, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff has also filed an application for leave to proceed *in forma pauperis*. (Doc. 2). Plaintiff's claim was set forth on a form § 1983 complaint which this Court routinely provides to *pro se* litigants. Plaintiff also continued his Statement of Claim onto the back of page 2 of his pleading. *See* Doc. 1, p. 2 (back).[1] We now proceed to

---

[1] In his form Complaint, the Plaintiff indicates that he has fully exhausted the grievance procedure available at SCI-Mahanoy. (Doc. 1, p. 1, ¶ II. A.-C.). In fact, in this action, Plaintiff claims that Defendants have wrongfully denied his grievance and his appeals throughout the DOC Administrative remedy process and that the prison staff failed to give him credit towards his sentence as directed by the court. Plaintiff claims that Defendants have improperly denied his September 6, 2006 Inmate Grievance, as well as his appeals thereto. (Doc. 1, p. 2).
   It is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under §1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. As stated, Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004);

conduct our obligatory preliminary screening of this matter.

## II. Allegations of Complaint.

Plaintiff names as Defendants: Gloria Burda, Record Supervisor/Grievance Officer at SCI-Mahanoy; Kenneth Chmielewski, Deputy Warden/Facility Manager at SCI-Mahanoy; Edward Klem, Superintendent at SCI-Mahanoy; and Sharon Burks, Chief Grievance Officer for the Pennsylvania Department of Corrections ("PA DOC"). All individual Defendants are employees of the PA DOC. All Defendants are sued in their individual and official capacities. (Doc. 1, p. 2 ).[2]

The Complaint essentially alleges that on September 6, 2006, while confined at SCI-Mahanoy, Plaintiff filed a grievance, No. 163214, and that all four Defendants failed to properly respond to his grievance and to his appeals of his grievance in which he claimed that he was illegally and unconstitutionally being held in prison too long, and that his sentence was lengthened because he did not receive credit for days towards his sentence as directed by the court. (*Id*.).

As discussed below, to the extent that Plaintiff is claiming that his period of incarceration is too long, that his sentence was illegally lengthened, and that he did not receive credit towards his sentence as directed by the sentencing court, Plaintiff must pursue these claims in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts his state court remedies.

---

*Woodford v. Ngo*, 126 S.Ct. 2378 (2006). We also note that the Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[2]As stated, Plaintiff's form Complaint has its claim against Defendant Burks on the back of page 2, which we refer to as p. 2A.

Plaintiff claims that Defendant Burda, Grievance Officer, improperly denied his grievance No. 163214, dated September 6, 2006. Plaintiff avers that in his grievance, he claimed that he was illegally and unconstitutionally being held in prison too long and that his sentence was lengthened because he did not receive credit for days towards his sentence as directed by the court. (Doc. 1, p. 2). Plaintiff specifically states that his grievance complained that his confinement was "illegally ... lengthened (sic) [since] Plaintiff minimum + maximum concerning credited days not awarded" as directed by the court.

Plaintiff alleges that Defendant Chmielewski denied his September 23, 2006 appeal of his grievance No. 163214 and failed to grant him relief with respect to his stated grievance, and that this Defendant failed to award him credited days towards his sentence as directed by the court. (*Id*.).

Plaintiff avers that Defendant Klem is the Superintendent of SCI-Mahanoy. Plaintiff alleges that Defendant Chmielewski responded on September 29, 2006, on behalf of Defendant Klem, to his [Plaintiff's] appeal of his grievance No. 163214. Plaintiff claims that his grievance appeal was improperly denied. Plaintiff fails to state any personal involvement as to Defendant Klem with respect to his claim that his grievance appeal was improperly denied since Defendant Chmielewski responded to his grievance appeal and not Defendant Klem. Thus, Defendant Klem should be dismissed on this basis.

Finally, as to Defendant Burks, Plaintiff claims that as Chief Grievance Officer for the DOC, Burks considered his final appeal of his grievance on November 22, 2006, and that she upheld the improper decisions of the other Defendants which denied his grievance and failed to award him

3

with credited days as directed by the court. (*Id.*, p. 2A).

Plaintiff sues all Defendants in their individual and official capacities. (Doc. 1, pp. 2, 2A).

As relief, Plaintiff requests compensatory damages in the amount of $10,350 from each Defendant as well as punitive damages of $2000/day for 144 days from each Defendant. (Doc. 1, p. 3).[3]

To the extent that Plaintiff claims that his confinement at SCI-Mahanoy was unconstitutionally and illegally lengthened due to his allegation that he was not afforded the credited days as ordered by the sentencing court (Doc. 1, p. 1), this claim is not properly brought in a § 1983 action. Rather, this claim, which challenges Plaintiff's term of confinement and alleges he was wrongfully imprisoned at SCI-Mahanoy for too many days, and in which he seeks to have days credited towards his sentence, *i.e.* challenging his confinement at SCI-Mahanoy as illegal and unconstitutional since it is excessive, must be asserted *via* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thus, insofar as Plaintiff raises a claim affecting the length of his confinement in this § 1983 action, such a claim must be made in a habeas petition. Plaintiff must assert any claim that he was not given all the credit which he was due towards service of his state sentence in a habeas petition. *See Nelson v. Campbell*, ___ U.S. ___, 124 S. Ct. 2117, 2124 (2004); *Wilkinson v. Dotson*, ___U.S.__, 125 S. Ct. 1242 (2005).

An inmate challenging the validity or execution of his state court sentence can file a habeas petition under § 2254. *See DeVaughn v. Dodrill*, C.A. No. 03-4162 (3d Cir. 8-23-05), slip op, p.

---

[3]We presume that the number of days to which Plaintiff claims he was entitled to credit towards his prison term, as directed by the sentencing court, was 144 days.

3. Here, our Plaintiff, in his initial Statement of Claims, appears to be challenging the execution of his state court sentence.  Thus, insofar as Plaintiff is challenging the length of his confinement, this claim sounds more like a § 2254 habeas petition and not a civil rights action under § 1983.[4]

The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973).  Plaintiff in the present case, insofar as he is attacking his state court conviction and sentence, seems to be implicating relief that would alter the term of his confinement in prison, and he has appeared to raise a challenge to the validity of his state conviction and to the execution of his sentence.  Thus, this contention of Plaintiff is construed as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and not as a § 1983 civil rights action.  *See Muhammad v. Close*, ___ U.S. ___, 124 S.Ct. 1303, 1304 (2004) (Per Curiam).  Therefore, to the extent that Plaintiff is challenging the length of his sentence, and claims that Defendants' conduct contributed to his excessive illegal and unconstitutional confinement at SIC-Mahanoy, these are deemed as habeas claims and should be dismissed without prejudice.

---

[4]We note that as relief in his Complaint (Doc. 1, p. 3), Plaintiff does not seek release from prison confinement or a shorter period of incarceration.  However, Plaintiff clearly claims that he was illegally confined at SCI-Mahanoy and that his sentence was illegally lengthened due to the alleged wrongful failure of Defendants to grant his grievance and to award him with days credited towards service of his sentence.  We also note that to the extent that Plaintiff seeks monetary damages damages as a result of being allegedly incarcerated longer than ordered by the sentencing court, Plaintiff can proceed with this Eighth Amendment claim in a §1983 action. *See Royal v. Durison*, 319 F. Supp. 2d 534 (E.D. Pa. 2004).

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002), stated:

> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

Thus, to the extent that the Plaintiff is deemed as challenging the length of his confinement at SCI-Mahanoy and is deemed as seeking a shorter period of incarceration, this claim cannot be properly raised in a civil rights action, but must be brought in a habeas corpus petition. A ruling in the Plaintiff's favor on such a claim would alter his confinement (*i.e.*, cause his term of incarceration to decrease), and it would alter the length of his sentence.

Therefore, we will recommend that, to the extent that Plaintiff is claiming that he was wrongfully and illegally confined at SCI-Mahanoy for an excessive period, and that he was not given credit for days as directed by the sentencing court, this claim should be dismissed without prejudice to raise it in a habeas petition after Plaintiff exhausts his state court remedies.[5] As noted,

---

[5] In *Heck v. Humphrey*, 512 U.S. at 486-487, the Court adopted the so-called favorable termination rule, which provides that if the success of a civil rights damages suit "would necessarily imply the invalidity of his conviction or sentence," then the Plaintiff-prisoner's claim is cognizable only if he can prove that his conviction or sentence was reversed, invalidated, or called into question by a grant of federal habeas corpus relief. In our case, Plaintiff does not state if he has filed a habeas petition regarding the length (*i.e.* minimum and maximum) of his state court sentence.

If *Heck*'s favorable termination rule applied in this case, Plaintiff would have to first establish that his prison term regarding his state court sentence was found unlawful by a grant of federal habeas corpus relief. *See Nelson v. Campbell*, ___ U.S. ____, 124 S.Ct. 2117, 2124 (2004). *But see Muhammad v. Close*, ___ U.S. ___, 124 S.Ct. 1303 (2004) (civil rights action not *Heck* barred where inmate did not seek to expunge misconduct charge since it could not be

insofar as Plaintiff seeks monetary damages for allegedly being confined too long, he can assert this Eighth Amendment claim in his § 1983 action.

Moreover, Plaintiff's request for specific amounts of monetary relief against Defendants in his Complaint (Doc. 1, p. 3) should be stricken. As relief in his Complaint, Plaintiff seeks monetary relief, *i.e.* compensatory and punitive damages, against all Defendants. (*Id*.).

Plaintiff's relief requests for $10, 350 in compensatory damages and $2000/day in punitive damages from each Defendant should be stricken from his Complaint. (*Id*.). Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages should be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure.

As stated, Plaintiff also sues the individual Defendants in their official capacities and in their individual capacities. (Doc. 1, pp. 2-2A). To the extent that Plaintiff is seeking monetary damages from Defendants in their official capacities, this request for relief should be dismissed. Plaintiff cannot sue the state Defendants for monetary damages in their official capacities. (*Id*.). *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.).

---

construed as seeking a judgment at odds with inmate's conviction or calculation of time to be served on underlying sentence). In our case, since Plaintiff only seeks monetary damages, he can proceed with his Eighth Amendment claim in a §1983 action.

**III. PLRA.**

We now review the Plaintiff's pleading and find that it does not state a claim against the four named Defendants, such as an Eighth Amendment cruel and unusual punishment claim or conditions of confinement claim.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995,[6] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[7] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against all of the named Defendants.

---

[6]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[7]The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 3 and 6).

**IV. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[8] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

**V. Motion to Dismiss Standard.**

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

---

[8]Plaintiff alleges in his pleading that all individual Defendants were employees of the PA DOC. (Doc. 1, p. 2). This is sufficient to show that these Defendants were state agents.

## VI. Discussion.

### A. *No Constitutional Right to a Grievance Process*

As stated, Plaintiff claims that all four Defendants violated his Constitutional rights by failing to grant his grievance No. 163214 and by failing to grant his grievance appeals. At the outset, since Plaintiff does not claim that Defendant Klem personally responded to his grievance appeal (Doc. 1, p.2, ¶ 3.), we will recommend that this Defendant be dismissed since he cannot be held liable based on *respondeat superior*, as discussed above. See *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003).

Plaintiff claims that by denying his grievance and his grievance appeals, Defendants violated his First Amendment, Eighth Amendment and Fourteenth Amendment rights. (*Id.*, ¶ 1.). Plaintiff does not claim that any Defendant thwarted his attempt to file his grievances or his appeals regarding his alleged due process violations for the failure of prison officials to award him credit for any days towards service of his sentence. Nor does Plaintiff claim that any Defendant was involved with the computation of his sentence and with the implementation of his sentence. Plaintiff does not allege that any Defendant was directly involved with the calculation of his sentence, and he does not claim that any Defendant personally calculated his sentence incorrectly. Plaintiff does not state that the personal conduct of any Defendant was directly related to the risk that he was being made to serve an excessive sentence. Since Plaintiff does not state that any Defendant was involved with the decision as to the calculation of his sentence and as to how many days he would receive credit towards service of his sentence, Plaintiff does not state that any of the named Defendants were deliberately indifferent to his claim that he was being detained in excess of the

sentence which the court imposed on him.  Rather, Plaintiff only names as Defendants the individuals responsible for responding to his grievance and his grievance appeals.  Plaintiff's allegations, which are only based on Defendants' responses to Plaintiff's grievance and appeals, do not properly state that they were deliberately indifferent to his claim that he did not receive credit for all the days he was ordered to receive credit for by the sentencing court.

Plaintiff's allegations regarding the responses to his grievance and grievance appeals by Defendants do not state a Constitutional claim, since an inmate has no Constitutional right to a grievance process.  As mentioned, Plaintiff only claims that Defendants improperly responded to his September 6, 2006 grievance number 163214 and to his appeals of this grievance "concerning credited days not awarded."

The law is well-settled that there is no constitutional right to a grievance procedure.  *See Jones v. North Carolina Prisoners' Labor Union, Inc.* 433 U.S. 119, 137-138 (1977).  This very Court has also recognized that grievance procedures are not constitutionally mandated.  *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential).  Even if the prison provides for a grievance procedure, as the PCCF does, violations of those procedures do not amount to a civil rights cause of action.  *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd 74 F. 3d 1226 (3d Cir. 1995).  *See also Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa. (Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted).  Thus, even if the prison official allegedly

11

failed to process the prisoner's grievances, no constitutional claim is stated. *Burnside, supra*.

Therefore, we shall recommend that Defendants Burda, Chmielewski, Klem and Burks be dismissed with respect to Plaintiff's claim that they improperly denied his grievance and grievance appeals.

*B. Eighth Amendment*

Insofar as Plaintiff alleges that his Eighth Amendment rights were violated with respect to the failure of prison officials to correctly calculate his sentence and to award him with days to which he was entitled to credit according to the sentencing court's order, we find that Plaintiff has asserted an Eighth Amendment claim. However, as discussed, Plaintiff has not stated the personal involvement of any of the named Defendants with respect to his Eighth Amendment claim. We shall recommend that Plaintiff be permitted to amend his complaint with respect to his Eighth Amendment claim in order to name the responsible DOC official(s) and/or SCI-Mahanoy official(s) who computed his state sentence and who personally determined how many days he received credit towards service of his state sentence. We do not find that Plaintiff has stated any First Amendment claim or Fourteenth Amendment claim, and thus do not recommend that Plaintiff be granted leave to state such claims.

As the Third Circuit Court held in *Sample v. Diecks*, 885 F. 2d 1099 (3d Cir. 1989), "a prisoner incarcerated past the expiration of his sentence has a cause of action under § 1983 for deprivation of Eighth Amendment rights." *Homoki v. Northampton County*, 86 F. 3d 324 (3d Cir. 1996).

In our case, Plaintiff alleges that the length of his sentence and the term of his confinement has been lengthened since the "minium + maximum concerning credited days not awarded". Plaintiff also seems to claim that he was not awarded with an additional 144 days credit towards service of his state sentence as ordered by the court. Plaintiff alleges that his term of incarceration has been improperly extended since he was entitled to credit for days and he was not awarded with the credit as directed by the court. We deem Plaintiff as raising an Eighth Amendment claim that he will be wrongfully imprisoned beyond the expiration of his maximum sentence date.

The Court in *Douglas v. Murphy*, 6 F. Supp. 2d 430, 431-432 (E.D. Pa. 1998), stated as follows:

> The detention of a prisoner beyond the termination of his sentence can state an Eighth Amendment violation if that detention occurs without penological justification. *See Moore v. Tartler*, 986 F.2d 682, 686 (3d cir. 1993). In order to establish § 1983 liability in such a case, a plaintiff must demonstrate three elements:
>
> > First, a plaintiff must demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under the circumstances, indicating that his/her response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must show a causal connection between the official's response to the problem and the unjustified detention.
>
> *Id.* at 686, citing *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989).
>
> In evaluating a plaintiff's case, "[a]mong the circumstances relevant to a determination of whether the requisite attitude (deliberate indifference) is present are the scope of the official's duties and the role the official played in the everyday workings of the

> prison." *Id.* at 686.  Moreover, not every official who is aware
> of a problem will be found to exhibit deliberate indifference by
> failing to resolve it.  *See id.*  A court may find the requisite deliberate
> indifference in cases where prison officials were put on notice
> of a prisoner's dispute and then refused to investigate the claim of
> miscalculation, or where the investigation was so inept and ineffectual
> that it demonstrates deliberate indifference.  *See id.* at 686-87.

In the instant case, Plaintiff has not alleged that any named Defendant was personally involved in the calculation of his sentence and determination of the days he received credit towards his sentence.  Plaintiff does not state that any Defendant refused to investigate his claim or that any Defendant conducted an ineffective investigation.  Further, Plaintiff has not alleged a causal connection between any response to his grievance and his appeals by Defendants and his failure to receive credit towards his sentence.  Thus, Plaintiff has not alleged any of the three required elements, stated above, against the named Defendants to state a cognizable Eighth Amendment claim of excessive detention. Simply stated, Plaintiff has not alleged any required deliberate indifference on the part of any named Defendant.

Here, Plaintiff contends that the Eighth Amendment was violated because he will be confined longer than ordered by the court for 144 days since he was supposed to have been awarded these days as credit towards service of his sentence.  As stated, the Eighth Amendment encompasses a prisoner's claim that he has been incarcerated beyond the expiration of his maximum sentence.  *See Sample, supra; Royal, supra.*  The required elements to state a § 1983 cause of action under the Eighth Amendment for such a claim have been discussed above.

In the present case, accepting the allegations as true, while Plaintiff has implicated a sufficiently serious deprivation of his rights, he does not aver that any named prison official and

DOC official was personally involved with the calculation of his sentence and acted with deliberate indifference with respect to his claim of miscalculation. As the *Douglas* Court stated, to be actionable, the Plaintiff in an Eighth Amendment unlawful detention claim must show that Defendant prison official failed to investigate Plaintiff's dispute as to his excessive incarceration or that the investigation was so inept or ineffectual that the court can infer deliberate indifference on the official's part. 6 F. Supp. 2d at 432.

As mentioned, our Plaintiff fails to make any claim that any Defendant acted with deliberate indifference towards his complaint that he was not fully awarded all the credit he was due towards the service of his sentence. In this case, we find that the allegations are not sufficient to assert a recognizable Eighth Amendment claim against the named Defendants. However, we shall recommend that all four Defendants be dismissed and that Plaintiff be permitted to file an amended complaint as to any responsible prison official regarding his Eighth Amendment claim.

Plaintiff has failed to properly raise a constitutional violation against the four named Defendants with respect to his alleged excessive confinement in SCI-Mahanoy. However, we shall recommend that Plaintiff be allowed to amend his pleading in order to allege conduct by any responsible prison official under the Eighth Amendment standard discussed above. *See Allston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004)("[E]ven when a Plaintiff does not seek leave to amend, if a complaint is vulnerable to dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however,

free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[9] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, we find that Plaintiff's Complaint fails to allege an Eighth Amendment violation or a Fourteenth Amendment due process violation by any named Defendant. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint fails to allege any Fourteenth Amendment and Eighth Amendment violations by the named Defendants.

Accordingly, we shall recommend that this case be dismissed as to the four named Defendants, and that Plaintiff be permitted to file an Amended Complaint against the responsible prison officials as discussed above.

---

[9]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

**VII. Recommendation.**

Based on the above, it is respectfully recommended that this case be dismissed as against all four Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is also recommended that this case proceed with respect to Plaintiff's claim under the Eighth Amendment, and that Plaintiff be directed to amend his complaint to state a claim against the responsible prison officials consistent with the Eighth Amendment standard detailed above. Finally, we recommend that this case be remanded to the undersigned for further proceedings.


            **s/ Thomas M. Blewitt**
            **THOMAS M. BLEWITT**
            **United States Magistrate Judge**

**Dated: September 4, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN JEROME SUPPLES, | : | CIVIL ACTION NO. **1:CV-07-1560** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| GLORIA BURDA, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 4, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: September 4, 2007**