IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN JEROME SUPPLES,<br>    Plaintiff | : | |
| | : | |
|     vs. | : | CIVIL NO. 1:CV-07-1560 |
| | : | (Judge Caldwell) |
| GLORIA BURDA, et al.,<br>    Defendants | : | (Magistrate Judge Blewitt) |

*M E M O R A N D U M*

I. *Introduction*

    The pro se plaintiff, Allen Jerome Supples, an inmate at SCI-Mahanoy, Frackville, Pennsylvania, filed this pro se civil-rights action pursuant to 42 U.S.C. § 1983, claiming that the Pennsylvania Department of Corrections (DOC) failed to credit him with 144 days of time previously served, as specified by the court in its sentencing order, after the DOC improperly aggregated the two sentences he is serving.

    He has named as defendants the following DOC officials: Gloria Burda, Record Supervisor/Grievance Officer at SCI-Mahanoy; Kenneth Chmielewski, Deputy Warden/Facility Manager at SCI-Mahanoy; Edward Klem, Superintendent at SCI-Mahanoy; and Sharon Burks, the DOC's Chief Grievance Officer. Defendants have been sued in their individual and official capacities. In his complaint, Plaintiff seeks compensatory and punitive damages for the 144 days. In his "amended brief in support of complaint" (which reads more like an amended complaint), Plaintiff adds a

request that we issue a declaration that the defendants' refusal to give him the 144 days of credit violates his rights under the federal constitution and federal law. (Doc. 12, p. 18.) He also appears to complain that he did not receive the parole hearing he was entitled to.

We are considering the report of the magistrate judge, which was submitted before the amended brief was filed.[1] Upon review of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the magistrate judge made three recommendations. First, for relief that may be construed as seeking a shorter period of confinement for the 144 days at issue, that aspect of the case should be dismissed without prejudice so that Plaintiff can pursue it in a habeas petition under 28 U.S.C. § 2254, the proper procedural avenue for an inmate challenging the duration of his state confinement, citing in support *Muhammad v. Close*, 540 U.S. 749, 750-51, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004). Second, all of the defendants should be dismissed from the action because they had no personal involvement in calculating Plaintiff's sentence, only in addressing his grievance about it, which does not state a claim because a prisoner has no constitutional right to a grievance process. *See, e.g., Flanagan v. Shively*, 783 F. Supp. 922, 931 (M.D. Pa. 1992). Third, Plaintiff should be allowed to amend his complaint to add as defendants the officials who were

---

[1] Plaintiff filed another amended brief. (Doc. 13.) This second amended brief is a duplicate of the first one. Only the cover pages are different.

2

involved in his sentence calculation so that he can pursue his claim for money damages against them under *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989). *Sample* recognized that the Eighth Amendment protects an inmate from being incarcerated beyond the term of his sentence.

We agree with the magistrate judge that to the extent that the complaint seeks credit for the 144 days, Plaintiff must file a petition for a writ of habeas corpus. We do not believe, however, that the claim for money damages under the Eighth Amendment can proceed. Unless a plaintiff has already successfully challenged his confinement in an appropriate way, a civil-rights complaint cannot proceed as long as it calls into question the validity of the confinement. The nature of the relief sought, here money damages, does not matter. We will therefore dismiss the entire complaint, but without prejudice if Plaintiff succeeds by way of a state-court proceeding[2] or federal habeas in invalidating the DOC's calculation of the credit.

II.   *Background*

The complaint alleges the following. Plaintiff filed a grievance claiming that he had not been credited with 144 days that the sentencing court had awarded him. As a result, his minimum and maximum sentences had been unconstitutionally extended. Defendant Burda, the grievance officer, denied the

---

[2] Filing a petition in the Pennsylvania Commonwealth Court for a writ of mandamus against the DOC appears to be the proper state remedy. *See Detar v. Beard*, 898 A.2d 26, 29 (Pa. Commw. 2006).

grievance initially; then defendant Chmielewski, acting on behalf of defendant Klem, denied his appeal of the grievance; and finally, Defendant Burks, the DOC's chief grievance officer upheld on final appeal the improper decisions of the other defendants. The complaint seeks the following relief: (1) $10,350 in compensatory damages from each defendant; and (2) punitive damages from each defendant in the amount of $2,000 per day for each of the 144 days.

In his "amended brief in support of complaint," Plaintiff adds some details. On January 27, 1999, he was arrested for robbery. On July 20, 1999, after a plea of guilty to robbery, Plaintiff was sentenced in the Court of Common Pleas of Lawrence County, Pennsylvania, to a minimum sentence of two years and three months to a maximum sentence of ten years. He was given credit on this sentence for 144 days he spent in prison before the sentencing. On October 21, 1999, after a plea of guilty in the same court to receiving stolen property, he was sentenced to a minimum sentence of six months to a maximum sentence of two years. This sentence was ordered to run consecutively to any other sentence imposed.

The DOC aggregated Plaintiff's sentences to a minimum of two years, nine months to a maximum sentence of twelve years. As a result, Plaintiff complains, his minimum and maximum sentences were improperly extended, and he did not receive credit for the 144 days he was supposed to get on the robbery conviction, thereby

violating due process and the sentencing court's order. Plaintiff also asserts the aggregation violated state law for two reasons. First, his sentence for receiving stolen property did not exceed five years. Second, it was ordered to run consecutively to the sentence on the robbery conviction.

Plaintiff asserts that the failure to give him credit for the 144 days is evident from the date the DOC chose as the date his aggregated minimum sentence expired, November 27, 2001. Plaintiff asserts that if he had been given credit for the 144 days, his minimum sentence would have expired in July 2001, not November 2001.[3] Plaintiff bases this calculation on the date of his arrest, January 27, 1999. The date of the DOC's minimum expiration date, November 27, 2001, is, as he argues, about two years and nine months from January 27, 1999, (actually about two years and ten months) so in Plaintiff's view, if he had in fact received credit for the 144 days, his minimum sentence date should have been backed up to July 2001 (presumably about July 6, 2001).

For its part, as we glean from the responses to Plaintiff's grievances, the DOC takes the view that it did give Plaintiff the correct credit because the sentencing court gave credit only on the robbery conviction, and the DOC credited that conviction with 144 days from February 27, 1999, through the date

---

[3] This explains Plaintiff's assertion that he was wrongfully denied a parole hearing since a Pennsylvania inmate is eligible for parole at the end of his minimum sentence, see 61 P.S. § 331.21(a), which, in Plaintiff's view, was improperly extended 144 days.

of sentencing on the robbery conviction, July 20, 1999. (Doc. 13, Pl.'s Am. Br. in Support of Compl., Ex. B.)

III.     *Discussion*

We will dismiss the complaint. Plaintiff is challenging the duration of his confinement, but such a challenge must proceed in habeas corpus. *Williams v. Cosovoy*, 453 F.3d 173, 177 (3d Cir. 2006). In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court clarified the interplay between habeas and civil-rights claims. The Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87, 114 S.Ct. at 2372, 129 L.Ed.2d at 394 (footnote omitted).

*Heck* has been extended to requests for declaratory and injunctive relief. *See Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(*Heck* bars a section 1983 action seeking damages and declaratory relief which challenges a prison disciplinary hearing forfeiting good-time credits). As the Court explained in *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (emphasis in original): "a state

prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." As the Third Circuit has summarized the holding of *Heck*: "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." *Williams*, *supra*, 453 F.3d at 177.

*Heck*'s favorable-termination rule applies here because Plaintiff's complaint calls into question the correctness of the DOC's calculation of the 144-day credit ordered by the sentencing court and in turn the correct duration of his confinement. *See, e.g., Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 833 (D. N.J. 1996) (*Heck* bars a section 1983 claim seeking declaratory relief and punitive damages premised on the denial of a timely parole hearing and the allegedly erroneous calculation of a parole eligibility date until the plaintiff succeeds in a state appellate court or a federal habeas proceeding). The favorable-termination rule applies to Eighth Amendment claims under *Sample*, *supra*, barring such claims until the plaintiff's purported confinement beyond his maximum sentence "has been invalidated by

state authorities, the state courts or by issuance of a writ of habeas corpus." *Owens v. Ortiz*, No. 05-2351 (WGB), 2005 WL 1199066, at *3 (D.N.J. May 19, 2005); *Mosch v. Brown*, No. 06-4067 (JLL), 2006 WL 2711637, at *3-4 (D.N.J. Sept. 20, 2006)(damages claim for confinement in excess of plaintiff's maximum term not cognizable under *Heck* when plaintiff failed to aver that the confinement had been deemed excessive by a state court or by a successful habeas petition); *see also Romano v. Taylor*, No. 06-573 JJF, 2006 WL 2993231, at *2 (D.N.J. Oct. 20, 2006)(claim that plaintiff's housing level has illegally extended his term of confinement not cognizable under section 1983 until a state tribunal or a federal habeas court has declared the confinement illegal, noting *Sample*).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 26, 2007

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

ALLEN JEROME SUPPLES,              :
    Plaintiff
                                     :

    vs.                            :     CIVIL NO. 1:CV-07-1560

                                     :       (Judge Caldwell)
GLORIA BURDA, et al.,
    Defendants                     : (Magistrate Judge Blewitt)


*O R D E R*

       AND NOW, this 26th day of October, 2007, upon consideration of the report (doc. 7) of the magistrate judge, dated September 4, 2007, it is ordered that:

       1. The report is adopted insofar as it recommends that any claim for injunctive relief based on the 144 days of credit be dismissed without prejudice.

       2. The report is not adopted insofar as it recommends that the claim for money damages under the Eighth Amendment for illegal confinement be allowed to proceed.

       3. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the complaint is hereby dismissed without prejudice.

       4. The Clerk of Court shall close this file.

       5. It is certified that any appeal of this order would not be in good faith.


                                           /s/William W. Caldwell
                                         William W. Caldwell
                                         United States District Judge